(67 South. 521)

No. 21009.

STATE v. FULCO.

In re STATE ex rel. MABRY, Dist. Atty.

(Jan. 11, 1915. Rehearing Denied Feb. 23, 1915.)

(Syllabus by the Court.)

HABEAS CORPUS &#9758;46—JURISDICTION—CITY COURT.

The city court of the city of Shreveport is not authorized by the Constitution or by statute to issue the writ of habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 36; Dec. Dig. &#9758;46.]

Proceedings by the State against Sam Fulco. Fulco was released under a writ of habeas corpus, and the State, on the relation of W. A. Mabry, District Attorney, ap-

plies for certiorari, prohibition, and mandamus. Order of release set aside.

See, also, 135 La. 273, 65 South. 240.

Wm. A. Mabry, Dist. Atty., of Shreveport, for applicant. L. C. Blanchard, of Shreveport, City Judge, pro se.

SOMMERVILLE, J. The writ of habeas corpus is a well recognized and established process, resting upon constitutional and statutory provisions. The state Constitution provides for the issuance of the writ as an existing remedy in the cases to which it properly applies, and designates the courts which may use it. The city court of the city of Shreveport was created by Act No. 103 of 1898, p. 129. This act, and the article of the Constitution, No. 96, which authorized the establishment of the court, do not confer upon that tribunal the right or power to issue the writ of habeas corpus; and therefore it has not the right or power.

The supervisory authority of the Supreme Court was properly invoked in this case.

It is therefore ordered, adjudged, and decreed that the order issued by the respondent judge, releasing Sam Fulco from the custody of the sheriff under the writ of habeas corpus applied for by him, be annulled and set aside.